UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RYAN K. SMYTHERS,

    Plaintiff,

v.

MEDFORD OREGON POLICE DEPARTMENT,
JOSHUA SPANO, OFFICER SPANA'S
SUPERVISORS, AND MEDFORD OREGON
POLICE CHIEF;

    Defendant.

Case No. 1:14-cv-01755-AA

OPINION and ORDER

AIKEN, Chief Judge:

    Plaintiff, *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 alleging claims of excessive force stemming from an arrest in a Fred Meyer store. Defendants have moved for summary judgment arguing that the arresting officer's use of force was not excessive as a matter of law or, in the alternative, that he is entitled to qualified immunity. While the motion for summary judgment was pending, defendants filed a motion to dismiss plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order.

## Background

    On June 29, 2014, Defendant Officer Spano responded to a call reporting a theft. The call described the individual and stated that person headed towards Fred Meyer. Once inside Fred

1 – OPINION AND ORDER

Meyer, Officer Spano located Plaintiff in the store and noted the odor of alcohol. After speaking with Plaintiff, Officer Spano attempted to arrest Plaintiff, who escaped an arm hold and fled. An altercation occurred during which Officer Spano's ride-a-long tripped Plaintiff, and Officer Spano attempted to re-arrest Plaintiff while he was on the ground. During this time, Officer Spano kneed Plaintiff twice and punched him in the face three times in order to obtain control of Plaintiff.

Plaintiff went to the hospital and was treated with five sutures to close a cut on his eyebrow. No other injuries, apart from bruising to his face and a right ankle sprain, occurred. Medical records confirm he was intoxicated with alcohol, and that he tested positive for cannabinoids and benzodiazepines. Plaintiff was charged with Burglary, Identity Theft, Theft, and Resisting Arrest. After resolving his Oregon charges, Plaintiff was extradited to Missouri, where he is incarcerated for unrelated convictions of Burglary, Theft, Theft of Credit Cards, Forgery, and Receiving Stolen Property.

## Discussion

### I. Defendant's Motion for Summary Judgment (#30):

Defendants argue that Officer Spano's use of force was not excessive as a matter of law or, in the alternative, that he is entitled to qualified immunity. Plaintiff was notified of the federal summary judgment standard and has not filed a response to

2 – OPINION AND ORDER

defendants' motion

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. Rivera v. Phillip Morris, Inc., 395 F.3d 1142, 1146 (9th Cir. 2005) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Normally, a court draws inferences in the light most favorable to the non-moving party but, "when opposing parties tell two different stories, [and] one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). When a videotape captures the events in question, a court should view the facts in the light depicted in the videotape, thereby resolving any relevant issue of fact. See id. at 378-81.

Whether a claim of qualified immunity is valid is a two-step inquiry. First, plaintiffs must allege facts establishing a violation of a constitutional right. See Pearson v. Callahan, 555 U.S. 223, 232 (2009). Second, the right must be "clearly established" at the time of the alleged misconduct. Id. The material facts do not establish a violation of Plaintiff's constitutional rights.

3 – OPINION AND ORDER

The reasonableness of the use of force is a case-by-case inquiry, judged by the perspective of a reasonable officer on the scene rather than with 20/20 hindsight. Graham v. Conner, 490 U.S. 386, 396 (1989). As police officers make split-second decisions in uncertain and rapidly evolving circumstances, reasonableness must "embody allowance[s]" for this fact and "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Id. at 396-97. While case specific, facts such as the severity of the crime at issue, whether the suspect poses a threat to the safety to the officer or others, and whether the suspect actively is resisting arrest, or attempting to flee, are relevant. See id. at 396.

The following facts are supported by the record and are undisputed. A videotape of the incident clearly shows that Officer Spano, who correctly noted signs of intoxication, confronted plaintiff. Upon Officer Spano's attempted arrest, Plaintiff fled but tried to reach for an object on the aisle. Officer Spano believed him to be reaching for an improvised weapon and Spano attempted to taser Plaintiff into submission, who was unaffected. Shortly thereafter, Plaintiff tripped and fell to the ground. Once there, Officer Spano attempted arresting Plaintiff again, who further resisted. Officer Spano then punched and kneed Plaintiff until successfully handcuffing Plaintiff.

4 – OPINION AND ORDER

After Plaintiff was secured, no further force was used.

Under these facts, Officer Spano's use of force was objectively reasonable. The arrest was for a felony. Further, Plaintiff was intoxicated, actively resisting arrest, and attempted to flee. Additionally, lessor uses of force were unsuccessful, as a taser did not affect Plaintiff and he kept fleeing. Even when on the ground, Plaintiff resisted Officer Spano's attempts to complete the arrest, until the use of physical force. While the non-violent nature of the crime weighs against the use of force, while fleeing, Plaintiff looks to have attempted to grab an item from the aisle, which Officer Spano believed could have been an improvised weapon. Finally, Officer Spano stopped using force against Plaintiff once compliance occurred, which weighs against a finding of excessive force.

These undisputed facts establish that the amount of force used to subdue and arrest plaintiff was reasonable and necessary and not excessive or unconstitutional. However, even if some slight impingement of plaintiff's rights may have occurred during the arrest, I find that Officer Spano is entitled to qualified immunity from liability.

Qualified immunity shields government officials from liability for damages when they make decisions that, even if constitutionally deficient, reasonably misapprehend the law governing the circumstances they confronted. Brosseau v. Haugen,

5 – OPINION AND ORDER

543 U.S. 194, 202 (2004); Harlow v. Fitzgerald, 457 u.s. 800 (1982).

An official should be denied qualified immunity only when "[t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Qualified immunity is immunity from suit, not merely a defense to liability. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Like absolute immunity, qualified immunity is effectively lost if a case is erroneously permitted to go to trial. *Id.* Consequently, the Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation. *See*, Hunter v. Byrant, 502 U.S. 224, 227 (1991) (*per curiam*); Saucier v. Katz, 533 U.S. 194, 201 (2001); *see also,* James v. Rowlands, 606 F.3d 646 (9th Cir. 2010).

The undisputed facts of this case establish that defendant Spano did not violate plaintiff's constitutional rights. However, if some minimal encroachment did arguably occur, defendant Spano is qualifiedly immune from liability for damages because he acted reasonably under the circumstances. Brosseau, 543 U.S. 194, 202; Harlow, 457 U.S. 800.

Because I find that there was no constitutional violation, there is no basis for liability of the other defendants and it is

6 – OPINION AND ORDER

not necessary to address defendants' Monell arguments.

Defendant's Motion for Summary Judgment (#30) is allowed.

**II. Motion to Dismiss (#36):**

Defendants move the court for an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the court's order to comply with the court's June 1, 2015 order to respond to defendants' discovery request. Because I have found that defendants are entitled to judgment as a matter of law on the merits of plaintiff's claim, it is not necessary to address defendant's motion to dismiss in detail. However, I note for the record that it is undisputed that the court ordered plaintiff to respond to defendants requests for discovery and that plaintiff has apparently made no effort to comply with the court's order.

In dismissing for failure to comply with court order under Rule 41(b), a court must weigh the following factors: 1) the public's interest in quick resolution of litigation; 2) a court's need to manage its docket; 3) the risk of prejudice to the parties; 4) availability of less drastic alternatives; and 5) public policy favoring disposition of cases on their merits. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

As set forth in defendants' memorandum, these relevant factors heavily weigh in favor of dismissal. Defendants' Motion to Dismiss (#36) is allowed.

7 – OPINION AND ORDER

## Conclusion

Defendants' Motion for Summary Judgment (#30) and alternative Motion to Dismiss (#36) are allowed. The Clerk of the Court is directed to enter a judgment dismissing this action with prejudice.

Dated this 27 day of November, 2015.

_____
Ann Aiken
U.S. District Judge

8 – OPINION AND ORDER